UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WYATT FELT, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF UTAH, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 13)** <br><br> Case No. 2:24-cv-00063 <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Daphne A. Oberg |

Wyatt Felt brought this case against the University of Utah under Title VII of the Civil Rights Act of 1964[1], alleging the University discriminated against him when it refused to hire him as a professor.[2] The University now seeks a protective order, arguing Dr. Felt has persistently communicated with witnesses and others involved in this case, despite the University's requests that he cease these unsolicited communications.[3] Dr. Felt argues a protective order would improperly restrain him from exercising his First Amendment right to engage in political speech.[4] Because Dr. Felt's communications have unduly burdened the University's counsel, a limited protective order is justified (more limited than the University seeks). As outlined below, Dr. Felt

---

[1] 42 U.S.C. §§ 2000e–2000e17.

[2] (Am. Compl. ¶ 1, Doc. No. 26.)

[3] (Req. for a Pretrial Conf. and Protective Order ("Mot.") 1–2, Doc. No. 13.)

[4] (Resp. to Req. for a Pretrial Conf. and Protective Order ("Opp'n") 2, Doc. No. 21.)

1

may not communicate about this case with witnesses, except through the University's counsel.

## BACKGROUND

Dr. Felt claims the University refused to hire him as a professor on the basis of his sex, race, national origin, and religion.[5] In its motion, the University alleges that since August 2023, Dr. Felt has sent more than seventy emails about this case to University employees (including witnesses in this case), other state employees, and the University's counsel.[6] According to the University, Dr. Felt has also "tracked and waylaid individuals at their places of work" and in other public places "to attempt impromptu meetings about his case and to hand deliver demand letters."[7] The University states Dr. Felt has refused to comply with its numerous requests to only communicate with the University's counsel about this case.[8] Arguing Dr. Felt's communications force the University's counsel to spend hours responding to individuals Dr. Felt has contacted, and contending these communications may unduly influence witnesses, the University seeks to restrain Dr. Felt from directly communicating with

---

[5] (*See* Am. Compl. ¶ 2, Doc. No. 26.)

[6] (Mot. 2, Doc. No. 13; *see also* Exs. 1 & 2 to Mot., Doc. Nos. 13-1 & 13-2.)

[7] (Mot. 2, Doc. No. 13.)

[8] (*Id.*)

involved parties and to require him to communicate exclusively through the University's counsel.[9]

In response, Dr. Felt argues the federal rules do not permit a restraint of his First Amendment right to engage in political speech.[10]  Dr. Felt further contends the University has failed to demonstrate his communications have led to "annoyance, embarrassment, oppression, or undue burden or expense," as required for a protective order under Rule 26 of the Federal Rules of Civil Procedure.[11]  Finally, Dr. Felt argues no ethical rule prohibits him, as a non-attorney plaintiff, from communicating with other parties to this case.[12]  The parties argued their respective positions at a hearing on April 29, 2024.[13]

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure provides "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[14]  Rule 26's standards do

---

[9] (*Id.* at 3, 8.)

[10] (Opp'n 2, Doc. No. 21.)

[11] (*Id.*)

[12] (*Id.*)

[13] (*See* Min. Entry, Doc. No. 28.)

[14] Fed. R. Civ. P. 26(c)(1).

3

not stand contrary to the First Amendment, so long as protective orders issued under the rule are narrowly drawn and based on a finding of good cause.[15]

## ANALYSIS

A look at Dr. Felt's repeated communications with represented parties in this case (submitted in a nearly nine-hundred-page compilation of emails and letters), provides quick and solid support for the University's claims of annoyance and undue burden. First, the sheer volume of communications is overwhelming. Since August 2023, Dr. Felt has sent more than seventy emails to the University's employees and other state employees.[16] Dr. Felt suggests the University's counsel may simply choose not to respond to these communications. While this is true, it is understandable for the employees themselves to seek advice from counsel regarding these persistent contacts—and easy to see why the University has spent more than a hundred hours addressing this issue.[17] Second, although the language in many of the communications

---

[15] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984) (holding a protective order issued under Rule 26(c) limiting public dissemination of discovered information does not violate the First Amendment where it is based on good cause and is narrowly drawn).

[16] (*See* Mot. 2, Doc. No. 13 (citing Ex. 1 to Mot., Doc. No. 13-1).)

[17] (*See id.* at 7.)

is respectful,[18] some is less cordial,[19] and some requests are inappropriate even if couched in polite language.[20]  And when a party is bombarded, even respectfully-worded emails can cause annoyance or undue burden.  Accordingly, the University has shown good cause for a protective order under Rule 26.

However, the University's request is too broad.  The University seeks to prohibit Dr. Felt from communicating with *anyone* at the University, the Utah Attorney General's Office, and the Utah Division of Risk Management about this case.[21]  But the University has not shown a protective order of this breadth is warranted.  Given Dr. Felt's First Amendment interests, any restriction on his ability to speak freely about this case must be supported by a showing of good cause.[22]  While a restriction on Dr. Felt's unsolicited

---

[18] (*See, e.g.*, Ex. A to Mot, Doc. No. 13-1 at 19 ("Hi Geoffrey, congratulations on your appointment as Interim Commissioner.  You and I communicated around the turn of 2019/2020 about some unlawful discrimination problems at the University of Utah.  Thank you for taking the time to speak with me on the phone at that time and for your subsequent assistance.").)

[19] (*See, e.g.*, Ex. N to Mot., Doc. No. 13-1 at 8 ("It's too bad that, in [the University's counsel's] failing to remember the First Amendment, Mike Lee wasn't handy with his pocket Constitution!").)

[20] (*See, e.g.*, Ex. A to Mot, Doc. No. 13-1 at 20 (pressuring presumptive witness to ask the University's counsel to settle the case, and stating "[t]he last thing the [Utah System of Higher Education] or the University of Utah needs is another public unlawful discrimination scandal").)

[21] (*See* Ex. 3 to Reply in Supp. of Def.'s Mot. for a Protective Order ¶ 1, Doc. No. 25-1.)  While the University's motion and proposed order are not clear on the scope of the protective order sought, the University clarified at the hearing it seeks to preclude Dr. Felt from communicating with anyone at the University about this case.

[22] *See Seattle Times*, 467 U.S. at 37 (holding protective orders limiting speech do not violate the First Amendment when they are limited and narrowly drawn).

communications with witnesses is justified by the undue burden on the University and the need to avoid pressure and influence of witnesses, communications with non-witnesses at the University do not carry the same concerns. Similarly, the University has not provided any basis for restricting Dr. Felt's communications with the Utah Attorney General's Office or the Utah Division of Risk Management. These sophisticated legal entities understand how to handle unsolicited communications from an opposing litigant. The University has only shown good cause to limit Dr. Felt's communications with witnesses to this case.

Dr. Felt's opposition to a protective order has been considered; however, his concerns are unjustified in light of the narrowness and specificity of the order. Overall, Dr. Felt claims a protective order would violate his First Amendment rights.[23] To the extent Dr. Felt argues a protective order limiting speech per se violates the First Amendment, this contention is simply incorrect.[24] In making this argument, Dr. Felt argues the University is unlawfully retaliating against him by requesting a protective

---

[23] (*See* Opp'n 4, Doc. No. 21 ("[T]he Protective Order would restrain [Dr. Felt's] First Amendment rights to engage in protected speech.").)

[24] *See, e.g.*, *Seattle Times Co.*, 467 U.S. at 37 (holding a protective order issued under Rule 26(c) limiting public dissemination of discovered information does not violate the First Amendment where it is based on good cause and is narrowly drawn); *Rankin v. Bd. of Educ. of Wichita Pub. Sch.*, 174 F.R.D. 695, 697 (D. Kan. 1997) (imposing restriction that defendant may only communicate about the litigation with plaintiffs or potential plaintiffs through plaintiffs' counsel); *Brick v. Estancia Mun. Sch. Dist.*, No. 1:20-cv-00881, 2021 U.S. Dist. LEXIS 22736, at *2 (D.N.M. Feb. 5, 2021) (unpublished) (ordering Plaintiff to "direct all communications with Defendants who are represented by counsel in this case regarding any matters related to this action . . . to counsel for those Defendants").

order.[25] But unlawful retaliation is an independent cause of action; Dr. Felt cannot bring such a claim in a response to a motion for protective order. If Dr. Felt seeks to raise an unlawful retaliation claim, he must do so in a proper pleading. At this juncture, any potential unlawful retaliation claim is irrelevant. The only germane question is to what extent the protective order the University seeks is warranted under Rule 26 and the First Amendment. Any First Amendment concerns are adequately addressed by the narrowness and specificity of this order, and Dr. Felt provides no support for his Rule 26 argument.

Dr. Felt bases his Rule 26 argument on a claim that the rule does not authorize a restraint on his speech.[26] Dr. Felt points out that Rule 26(c) does not include speech restriction on its list of examples of protective measures courts may order.[27] But Dr. Felt fails to cite any cases supporting his position. And courts have authority to issue protective orders to ensure the orderly disposition of cases.[28] Despite legal authority supporting similar protective orders—and Rule 26's language permitting courts "to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[25] (Opp'n 4–6, Doc. No. 21.) On some level, Dr. Felt appears to recognize this; he outlines and applies the standard for a "*claim* of unlawful retaliation" in his brief. (*See id.* at 5 (emphasis added).)

[26] (*Id.* at 7.)

[27] (*Id.* (citing Fed. R. Civ. P. 26(c)).)

[28] *See* cases cited *supra* note 24.

7

burden or expense"[29]—Dr. Felt cites only to *Pickering v. Board of Education*.[30] But *Pickering* is inapplicable. *Pickering* involved a teacher who alleged he was fired for publicly criticizing a school. The court considered whether the teacher's termination on those grounds violated the First and Fourteenth Amendments.[31] But *Pickering* has nothing to do with a court's authority to issue a protective order. Dr. Felt has failed to cite any authority supporting his argument that protective orders under Rule 26 cannot limit speech.

      Dr. Felt also argues the University has failed to show his communications cause annoyance or undue burden, and nothing prevents counsel from simply ignoring Dr. Felt's emails.[32] As noted above, it is apparent from the volume and nature of Dr. Felt's communications alone that the University has suffered annoyance and a substantial, undue burden. Even if counsel chose to ignore the emails, the communications place counsel in the position of constantly advising witnesses about how to and whether to respond to Dr. Felt's constant contact.

      Dr. Felt's final argument is that the Utah Rules of Professional Conduct do not prohibit parties from communicating with other represented parties.[33] But this is a nonissue because the fact that Dr. Felt's communications do not violate the Utah Rules

---

[29] Fed. R. Civ. P. 26(c).

[30] 391 U.S. 563, 568 (1968).

[31] (*See id.* at 565.)

[32] (Opp'n 7, Doc. No. 21.)

[33] (*See id.* at 8.)

of Professional Conduct does not mean they are appropriate or unworthy of a protective order.[34]

## CONCLUSION

Because Dr. Felt's voluminous communications with witnesses in this case have caused significant annoyance and placed an undue burden on the University's counsel, the University's motion for protective order[35] is granted in part. The court orders as follows:

1. Dr. Felt may not communicate in any manner (directly or indirectly) with witnesses in this case about the subject matter of this case, except through the University's counsel.

2. In order to give fair notice, the University is ordered to produce a list of witnesses to this case to Dr. Felt by May 20, 2024.

DATED this 13th day of May, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[34] The Utah Rules of Professional Conduct are designed to regulate legal practitioners, not parties. *See* Utah R. Pro. Conduct Prelim. Note ("The Rules of Professional Conduct apply to lawyers and . . . licensed paralegal practitioners.").

[35] (Doc. No. 13.)