UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WYATT FELT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF UTAH,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**<br>**(DOC. NO. 36)**<br><br>Case No. 2:24-cv-00063<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Wyatt Felt brought this case against the University of Utah under Title VII of the Civil Rights Act of 1964,[1] alleging the University discriminated against him when it refused to hire him as a professor.[2] The University now seeks a protective order permitting it to redact names and identifying information of other applicants in documents produced to Dr. Felt.[3] The University argues the redacted information is irrelevant, invades the privacy of third parties, and would be unduly burdensome to produce.[4] Dr. Felt opposes the motion, arguing the redacted information is relevant and has already been disclosed to him during prior administrative proceedings and in

---

[1] 42 U.S.C. §§ 2000e–2000e17.

[2] (*See* Am. Compl. ¶¶ 1–2, 193, Doc. No. 26.)

[3] (Mot. for a Protective Order ("Mot."), Doc. No. 36.)

[4] (*See id.* at 5.)

1

response to GRAMA requests.[5]  Dr. Felt also contends the District of Utah's Standard Protective Order is sufficient to address any privacy concerns and protect the information from public disclosure.[6]

The University's motion for a protective order is denied.  As explained below, where the information at issue was already disclosed to Dr. Felt and may be relevant to his claims, and privacy concerns are adequately addressed by the Standard Protective Order, the University fails to demonstrate a basis to redact this information from documents produced in discovery.

## BACKGROUND

Dr. Felt applied to a position within the University of Utah Mechanical Engineering program in fall 2017.[7]  Dr. Felt alleges the University refused to hire him on the basis of his sex, race, national origin, and religion.[8]  After he was not hired, Dr. Felt filed a complaint of discrimination with the Utah Antidiscrimination and Labor Department (UALD) in November 2018.[9]  During the UALD investigation, the University provided unredacted documents containing the names of other applicants to the UALD, which in turn provided the unredacted documents to Dr. Felt.[10]  The University also

---

[5] (*See* Resp. to Def.'s Mot. for Protective Order ("Opp'n") 1–3, Doc. No. 37); *see also* Government Records Access and Management Act (GRAMA), Utah Code §§ 63G-2-101–901.

[6] (*See id.* Opp'n 2, Doc. No. 37.)

[7] (*See* Am. Compl. ¶ 88, Doc. No. 26.)

[8] (*Id.* ¶ 193.)

[9] (*See* Mot. 3, Doc. No. 36.)

[10] (*See* Opp'n 2, Doc. No. 37.)

provided unredacted documents containing the names of applicants to Dr. Felt in response to a 2018 GRAMA request.[11]

After its investigation, the UALD issued a "no cause" determination, which Dr. Felt appealed to the Utah Labor Commission.[12] During the commission proceedings, Dr. Felt conducted discovery, including issuing document requests and taking depositions.[13] The University produced more than 7,200 pages of documents to Dr. Felt, in which it redacted the names of any applicants who were not subsequently hired.[14] According to the University, "[o]verlays labeling each relevant applicant were consistently applied, and, where needed, demographic information [was] provided."[15] An administrative law judge (ALJ) held a four-day evidentiary hearing and ruled in favor of the University.[16] At the hearing, over Dr. Felt's objection, the ALJ ruled that redactions of applicant names should be maintained for privacy purposes, in light of the possibility of the hearing being transcribed and becoming public.[17]

Dr. Felt then brought this action against the University. During discovery, he requested production of all previously produced documents without redactions of

---

[11] (*See id.* at 2–3.)

[12] (*See* Mot. 3, Doc. No. 36.)

[13] (*See id.*)

[14] (*Id.*)

[15] (*Id.*)

[16] (*See id.* at 4.)

[17] (*See id.*)

applicant names or other identifying information.[18] The University then filed this motion for a protective order, seeking leave to maintain redactions on documents produced to Dr. Felt in this case.[19]

## LEGAL STANDARDS

Rule 26(c) of the Federal Rules of Civil Procedure provides "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[20] This may include "forbidding the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[21] The party seeking a protective order has the burden to show good cause.[22] This requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[23]

## ANALYSIS

The University argues the names and identifying information of applicants who were not hired should remain redacted in documents produced to Dr. Felt because this

---

[18] (*See* Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. at 6, RFP No. 1, Doc. No. 36-1 ("Produce all previously produced documents without redactions of the names of faculty applicants or candidates or other identifying information." (emphasis omitted)).)

[19] (*See* Mot., Doc. No. 36.)

[20] Fed. R. Civ. P. 26(c)(1).

[21] Fed. R. Civ. P. 26(c)(1)(A), (D).

[22] *See Welsh v. Safeco Ins. Co. of Am.*, No. 2:21-cv-82, 2021 U.S. Dist. LEXIS 230233, at *2 (D. Utah Nov. 29, 2021) (unpublished).

[23] *Id.* at *2–3 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

4

information is irrelevant and infringes on individual privacy.[24]  The University indicates these documents include application materials, communications with the University, and University employees' evaluations of the candidates.[25]  The University asserts the applicants "did not consent to having their private information publicly exposed as part of litigation."[26]  The University notes the redactions were deemed appropriate in prior administrative proceedings, and the parties were able to litigate Dr. Felt's claims in those proceedings while maintaining the redactions.[27]  Additionally, the University argues removing the redactions would be unduly burdensome.[28]

In response, Dr. Felt argues applicant names and identifying information are relevant to his claims because they may reveal characteristics the University considered in making its hiring decision, including sex, national origin, race, or ethnicity.[29]  Dr. Felt contends the applicants' names were available to the hiring committee and were "a ready means of evaluating the perceived diversity of the candidates."[30]  Dr. Felt also contends the University's hiring information is not private, and notes the University itself warns applicants that "faculty searches are subject to public disclosure" and names of

---

[24] (Mot. 5, Doc. No. 36.)

[25] (*Id.*)

[26] (*Id.*)

[27] (*See id.* at 7.)

[28] (*See id.* at 9–10.)

[29] (*See* Opp'n 5–6, Doc. No. 37.)

[30] (*Id.*)

5

finalists are public.[31]  Additionally, Dr. Felt argues the use of redactions is cumbersome and likely to create confusion; he notes that referring to candidates by numbers instead of names led to confusion in depositions in the prior administrative proceedings.[32]

The University has not demonstrated good cause to maintain redactions of applicant information in documents produced to Dr. Felt.  As an initial matter, whether the redacted information may be publicly disclosed is not at issue in this motion.  Rather, the University seeks an order preventing disclosure of applicant names and identifying information *to Dr. Felt*, by maintaining redactions on documents produced to him in discovery.  In other words, the University's argument that applicant information should be protected from public disclosure due to privacy concerns is beside the point.  Any concerns regarding public disclosure are adequately addressed by the Standard Protective Order, which permits the University to designate documents produced in discovery as "confidential"—thereby preventing them from being filed publicly or otherwise disclosed outside this litigation.[33]

The University has not shown good cause to withhold the redacted information from Dr. Felt, where this information has already been disclosed to him in prior administrative proceedings and through GRAMA requests.  Because the redacted

---

[31] (*Id.* at 7.)

[32] (*See id.* at 8–10.)

[33] *See* Standard Protective Order DUCivR 26-2 (For Cases Filed On or After Dec. 1, 2023), available at https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20.pdf [https://perma.cc/4ZHX-ELYT]; *see also* Scheduling Order 3, Doc. No. 34 (providing the District of Utah's Standard Protective Order governs in this case unless otherwise ordered).

6

information is already known to Dr. Felt, privacy concerns are not implicated by removing redactions from documents produced to him at this stage.  Further, at the discovery stage, relevance is broadly construed.[34]  To the extent applicant names or other identifying information may reveal protected characteristics considered by the hiring committee, this information may be relevant to Dr. Felt's discrimination claim.  Such information is within the scope of discovery at this stage.  Additionally, as Dr. Felt notes, the use of names rather than anonymous identifiers may be less cumbersome for the litigants and the court.

The University has not demonstrated removing the redactions would be unduly burdensome.  The University notes the documents comprise thousands of pages with hundreds of redactions, including redactions to protected student information which would need to be maintained even if applicant information is unredacted.[35]  The University also asserts the underlying information and metadata have been erased, meaning the University would have to "identify any redacted pages, find the original (unbatesed) document, and then reapply redactions where appropriate and provide a new bates numbered document[]."[36]  But the process the University describes is simply the ordinary burden involved in responding to discovery in civil litigation.  Nothing the

---

[34] *See Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished) (recognizing relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense" (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

[35] (*See* Mot. 9, Doc. No. 36.)

[36] (*Id.* at 10.)

University describes constitutes an undue burden. Indeed, document discovery is undoubtedly *less* burdensome in this case due to the fact that the University has already identified and produced a version of the requested documents in prior proceedings.

For all these reasons, the University has not demonstrated good cause for entry of a protective order permitting the University to maintain redactions to applicant names and identifying information on documents produced in discovery.

## CONCLUSION

The University's motion for a protective order[37] is denied.

DATED this 9th day of December, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[37] (Doc. No. 36.)